# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Deborah Ann Weidenhamer,<br><br>    Defendant. | No. CR-16-01072-001-PHX-ROS<br><br>**ORDER** |

On September 6, 2016, Defendant Deborah Ann Weidenhamer was charged via information with seven counts of bank fraud. (Doc. 5). Defendant agreed to plead guilty and sentencing was set for November 25, 2016. The Court granted a joint request to continue that sentencing until January 30, 2017. (Doc. 15). On January 9, 2017, Defendant requested the sentencing be continued. According to her motion, she needed "time to consult with medical experts about a recently discovered serious medical complication." (Doc. 18). The Court granted the request and reset the sentencing for April 10, 2017. (Doc. 19).

On March 9, 2017, Defendant submitted another request to continue her sentencing. That request repeated the same claim as the previous motion, stating Defendant needed additional "time to consult with medical experts about a recently discovered serious medical complication." (Doc. 22 at 1). The Court granted the request again and reset the sentencing for June 15, 2017. (Doc. 24).

On June 7, 2017, Defendant filed yet another request to continue her sentencing,

this time claiming she needed more "time to obtain testing in relation to a newly-diagnosed serious medical condition." (Doc. 28 at 1). Defendant supported that request with a letter allegedly from one of her doctors as well as records from medical testing conducted in April 2017. As pointed out by the government, however, there are substantial reasons to question the qualifications and objectivity of Defendant's doctor. Moreover, Defendant appears to have substantially overstated the seriousness of her conditions. At a hearing on June 15, 2017, the Court heard from the parties and indicated a ruling on the latest motion to continue sentencing would be forthcoming.

Defendant's repeated requests to continue her sentencing appear to be based on a fear that, should she be sentenced to prison time, the Bureau of Prisons will not be able to treat her alleged maladies. Defendant does not explain the basis for this fear. The Bureau of Prisons is constitutionally mandated to provide adequate medical care to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 104 (holding "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment). And the Bureau of Prisons has extensive medical facilities such that it is capable of providing care for a wide variety of conditions.[1] Even accepting that Defendant is suffering from serious medical conditions, she has not proffered *any* evidence that the Bureau of Prisons will be incapable of treating those conditions. *See United States v. Kidder*, 869 F.2d 1328, 1331 (9th Cir. 1989) (burden is on defendant seeking to avoid prison time to establish Bureau of Prisons is incapable of providing adequate medical care). Absent reliable information that Defendant is suffering from conditions the Bureau of Prisons cannot handle, there is no basis to delay sentencing based on Defendant's purported conditions.

Defendant's sentencing will be set for July 12, 2017. On that date, Defendant must come to court prepared to be taken into custody should a custodial sentence be imposed. Defendant should not request a rescheduling of this date absent truly extraordinary circumstances. Any rescheduling request must be supported by statements

---

[1] *See* https://www.bop.gov/inmates/custody_and_care/medical_care.jsp (outlining medical care provided by Bureau of Prisons).

from disinterested third-party experts identifying the crucial need to put off sentencing *and* evidence that the Bureau of Prisons is incapable of addressing Defendant's medical needs.

Accordingly,

**IT IS ORDERED** the Motion to Continue Sentencing is **GRANTED IN PART**. Sentencing is reset for **July 12, 2017** at **1:30 p.m.**

Dated this 27th day of June, 2017.

Honorable Roslyn O. Silver
Senior United States District Judge