**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Deborah Ann Weidenhamer,<br><br>    Defendant. | No. CR-16-01072-001-PHX-ROS<br><br>**ORDER** |

  Defendant Deborah Ann Weidenhamer has filed her second motion for compassionate release, arguing that COVID-19 poses a particularly high risk to her because of her preexisting serious health conditions. (Doc. 81). In denying Defendant's first motion, the Court concluded the current version of 18 U.S.C. § 3582 "require[s] administrative exhaustion if a warden acts on a request [for compassionate release] within 30 days." (Doc. 68 at 7). Only when a warden fails to act on a request within 30 days can a prisoner proceed to court without exhausting her administrative remedies. Under that interpretation, Defendant's second motion must be denied as premature.

  Defendant submitted her second request for compassionate release to the warden of her facility on March 23, 2020. The warden denied that request on April 1, 2020. (Doc. 82-1 at 16). Defendant then submitted an appeal on April 8, 2020. That appeal is pending. Because Defendant has not exhausted her administrative remedies, but she wishes to obtain immediate relief, she argues "the Court has the authority to waive the exhaustion

requirement."[1]  (Doc. 82 at 4).  The language of § 3582, however, does not allow for such waiver.

As explained by the Supreme Court in 2016, a statutory exhaustion requirement presents a question of "statutory construction, which must be resolved using ordinary interpretive techniques." *Ross v. Blake*, 136 S. Ct. 1850, 1858 n.2 (2016).  If the statutory language contains "mandatory language . . . a court may not excuse a failure to exhaust." *Id.* at 1856.  Thus, "judge-made exhaustion doctrines" and "statutory exhaustion provisions stand[] on a different footing." *Id.* at 1857.  Judge-made exhaustion doctrines are "amenable to judge-made exceptions" but statutory exhaustion provisions are not.  With statutory exhaustion provisions, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to." *Id.* at 1857.  Accordingly, if § 3582 dictates a "mandatory exhaustion regime[]," the Court has no power to waive exhaustion. *Id.*

The relevant portion of § 3582 states a court may reduce a term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).  This language is not as clear as other statutory provisions that have been deemed mandatory exhaustion provisions. *See* 42 U.S.C. § 1997e (pursuant to the PLRA, "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted.").  But the language of § 3582 contains no signal that administrative exhaustion or the passage of at least 30 days is optional.  That is, the

---

[1] Defendant's initial argument is that she exhausted her administrative remedies because she submitted an "emergency request" which required a response from the warden within three days.  (Doc. 82 at 2).  Because the warden did not respond within three days, Defendant claims she exhausted her administrative remedies.  But even assuming the warden should have acted sooner, Defendant was required to pursue an appeal of the warden's failure to act.  As explained by the applicable regulation, "[i]f the inmate does not receive a response within the time allotted . . . the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

1 statutory language allows a prisoner to proceed to court only after "fully exhaust[ing] all
2 administrative rights" or upon "the lapse of 30 days" after submitting a request to her
3 warden. The statute gives two options, which implicitly precludes other possibilities. *See,*
4 *e.g.*, *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) ("The doctrine
5 of *expressio unius est exclusio alterius* as applied to statutory interpretation creates a
6 presumption that when a statute designates certain persons, things, or manners of operation,
7 all omissions should be understood as exclusions.").

8 According to Defendant, the Court should not focus on the statutory text but simply
9 resort to general principles regarding other statutory exhaustion requirements. Defendant
10 claims "a court may waive a statutory exhaustion requirement where it would be futile or
11 provide inadequate relief . . . , where exhaustion serves no useful purpose, or where pursuit
12 of [administrative remedies] would irreparably injure the plaintiff." (Doc. 82 at 5). But
13 the Supreme Court has made clear that it "will not read futility or other exceptions into
14 statutory exhaustion requirements where Congress has provided otherwise." *Booth v.*
15 *Churner*, 532 U.S. 731, 741 n.6 (2001). And while it is true that *some* statutory exhaustion
16 requirements are subject to the exceptions listed by Defendant, the relevant inquiry is
17 whether the particular statutory language of § 3582 allows for an exception. *Ross v. Blake*,
18 136 S. Ct. 1850, 1858 n.2 (2016). Defendant has not pointed to any textual clues, or other
19 evidence such as legislative history, that the statute allows the Court to excuse a failure to
20 exhaust.

21 Defendant does cite a few courts that have concluded the statutory text allows courts
22 to excuse a failure to exhaust. But, like Defendant, those courts did not focus on the
23 statutory text. For example, in *United States v. Haney*, the district court concluded it had
24 "discretion to waive the exhaustion requirement" as well as the "30-day waiting period."
25 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020). That court reasoned that doing so
26 better served the "Congressional objectives" behind the statutory provision. *Id.* But the
27 court offered no explanation why the text of § 3582 listing two options for a prisoner to
28 complete before proceeding to court should be read as also granting a prisoner the choice

simply to proceed immediately to court. Under such a reading, the 30-day waiting period would appear entirely superfluous.

Similarly, in *United States v. Zukerman*, the court did not look to whether the language of § 3582 allows for a waiver of the exhaustion requirement. 2020 WL 1659880, at *2 (S.D.N.Y. Apr. 3, 2020). Instead, that court simply concluded that *all* statutory exhaustion requirements are subject to exceptions. *Id.* at *3. That conclusion is incorrect as explained in *Ross v. Blake*, 136 S. Ct. at 1858.

The critical inquiry is whether the text of § 3582 allows for the Court to excuse Defendant's failure to exhaust her administrative remedies. There is no indication in the statutory text, nor has Defendant pointed to other supporting evidence, that would establish Congress meant to confer on the courts the authority to waive exhaustion. Congress gave prisoners two ways of getting into court and when Congress's "will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." *Harris v. Harris*, 935 F.3d 670, 676 (9th Cir. 2019). Defendant has not exhausted her administrative remedies and her request must be denied.

Accordingly,

**IT IS ORDERED** the Motion for Compassionate Release (Doc. 81) is **DENIED**. This Order shall not be sealed.

Dated this 20th day of April, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge

- 4 -